**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY SESSION, 1999**

**FILED**

February 25, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9802-CC-00072** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **FRANKLIN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. THOMAS W. GRAHAM** |
| **JOHN W. HILL,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Violation of Habitual** |
| | ) | **Traffic Offender Law)** |

FOR THE APPELLANT:

FRANCIS W. PRYOR
Assistant Public Defender
12th Judicial District
200 Betsy Pack Drive
Jasper, TN 37347

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243-0493

J. MICHAEL TAYLOR
District Attorney General

STEVEN BLOUNT
Assistant District Attorney
1002 West Main
Decherd, TN 37324

OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# OPINION

On June 26, 1997, Appellant John W. Hill pleaded guilty to operating a vehicle in violation of the habitual traffic offender law, a Class E felony. On August 22, 1997, the trial court imposed a two year sentence, with one year to be served "day by day" in the Franklin County Jail and one year to be served in the Community Corrections Program.[1] Appellant challenges his sentence, raising the following issue: whether a trial court can impose a longer period of confinement by use of a split sentence under Tennessee Code Annotated section 40-35-306(a) than is allowed under Tennessee Code Annotated section 40-35-501(a)(3). After a review of the record, we reverse and remand this case for re-sentencing

## FACTS

On May 18, 1996, Officer Charles Keller of the Decherd, Tennessee Police Department stopped Appellant for driving twenty-three miles per hour in a fifty-five mile per hour zone. Appellant was unable to provide the officer with a driver's license because his license was suspended after he was declared to be a habitual traffic offender on July 27, 1995.

---

[1]On December 18, 1997, the trial court modified the sentence and ordered Appellant to serve 150 days in the county jail, with the remaining period of confinement to be served if his appeal was unsuccessful.

**ANALYSIS**

Appellant contends that the trial court erred when it sentenced him to one year of confinement followed by one year in the Community Corrections Program because the general rule under Tennessee law is that a felon who receives a sentence of two years or less must be released from confinement on his or her release eligibility date.[2] We agree.

In imposing a period of confinement in the county jail followed by one year in the Community Corrections Program, the trial court apparently relied on Tennessee Code Annotated section 40-33-306(a), which states:

> A defendant receiving probation may be required to serve a portion of the sentence in continuous confinement for up to one (1) year in the local jail or workhouse, with probation for a period of time up to and including the statutory maximum time for the class of the conviction offense.

Tenn. Code Ann. § 40-35-306(a) (1997).[3]

Appellant argues that in his case, imposition of a sentence of one year of confinement followed by one year in the Community Corrections Program is inconsistent with Tennessee Code Annotated section 40-35-501(a)(3), which states:

> Notwithstanding any other provision of law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date.

---

[2]The State takes no position on the merits of Appellant's argument. Instead, the State merely argues that this issue has been waived for reasons that we find unpersuasive.

[3]Tennessee Code Annotated section 40-36-106(f) points out that this statute is applicable to community corrections:
> Nothing herein shall prevent a court from permitting an eligible defendant to participate in a community-based alternative to incarceration as a condition of probation in conjunction with . . . split confinement . . . as provided by chapter 35 of this title.

Tenn. Code Ann. § 40-35-106(f) (Supp. 1998).

Tenn. Code Ann. § 40-35-501(a)(3) (Supp. 1998). For Range I standard offenders, the release eligibility date occurs after service of thirty percent of the actual sentence imposed, less any sentencing credits earned and retained. Tenn. Code Ann. § 40-35-501(c) (Supp. 1998).

In order to resolve this issue, section 40-35-306(a) must be read "in pari materia" with section 40-35-501(a)(3) in order to give effect to legislative intent. See Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995) ("Statutes 'in pari materia'—those relating to the same subject or having a common purpose—are to be construed together."). It is clear that in enacting section 40-35-501(a)(3), the legislature intended for a felon who received a sentence of two years or less to be released from confinement on his or her release eligibility date, regardless of whether the sentence combined confinement with any other form of punishment.[4] Allowing a court to circumvent a defendant's release eligibility date by imposing a longer period of confinement under section 40-35-306(a) would completely eviscerate the legislative intent behind the enactment of section 40-35-501(a)(3). When the two statutes are read together, it is evident that section 40-35-306(a) allows a court to impose a period of up to one year in the local jail as part of a sentence involving split confinement, but only if the period of confinement would be completed on or before the defendant's release eligibility date under section 40-35-501.

---

[4]This intention is consistent with the legislature's recognition that, because prison resources are limited, the most serious felony offenders should receive priority in sentences involving incarceration. See Tenn. Code Ann. § 40-35-102(5)–(6) (1997). Tennessee Code Annotated Section 40-35-501(a)(6)(A) provides a mechanism for authorities to keep a prisoner sentenced to two years or less incarcerated beyond his release eligibility date if the prisoner poses disciplinary problems while in the jail or penitentiary.

Because Appellant was sentenced as a Range I standard offender, his release eligibility date would occur after serving thirty percent of his sentence, less any applicable sentencing credits. Thus, had Appellant simply received a sentence of two years of confinement, his release eligibility date would have occurred after service of 219 days of his sentence, less any applicable sentencing credits. Therefore, we hold that the trial court erred when it attempted to circumvent section 40-35-501(a)(3) by sentencing Appellant to one year of confinement followed by one year in the Community Corrections Program.

Accordingly, we reverse the sentence in this case and remand for re-sentencing in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID H. WELLES, JUDGE